UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASA TYRELL HAMILTON,

    Petitioner,

v.

CASE NO. 5:11-cv-14957
HONORABLE JOHN CORBETT O'MEARA

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING THE MOTIONS FOR RECONSIDERATION AND FOR JUDGMENT ON THE PLEADINGS OR A DEFAULT JUDGMENT

On November 9, 2011, petitioner Asa Tyrell Hamilton filed a habeas corpus petition under 28 U.S.C. § 2241.  On December 9, 2011, the Court summarily dismissed the habeas petition because Petitioner was challenging a criminal indictment that was pending against him in a case assigned to another judge in this District.  The Court stated that Petitioner could raise his claims in his criminal case.

Currently pending before the Court are a motion for reconsideration of the Court's order and a motion for judgment on the pleadings or for a default judgment.  Both motions were filed on January 10, 2012.  The motion for reconsideration alleges that the Court's interpretation of the habeas statute conflicts with 28 U.S.C. § 2243, which directs judges to issue the writ or to order the respondent to show cause why the writ should not issue, unless it appears that the applicant is not entitled to the writ.  The motion for judgment on the pleadings alleges that there are no material facts in dispute, that the indictment against Petitioner is defective, and that Petitioner is entitled to be discharged and to have the charges against him dismissed.

The pending motions are signed by Rhonda Hollaway, who purports to file the motions "through special visitation" and "not an appearance."[1] Ms. Hollaway is not a party to this action, nor an attorney of record. Thus, the motions were not properly filed. Fed. R. Civ. P. 11(a). In addition, the motion for reconsideration is untimely because it was filed more than fourteen days after the Court entered its order of dismissal. Local Rule 7.1(h)(1) (E.D. Mich. Mar. 1, 2010).

Furthermore, Petitioner is merely raising the same issues that the Court has already ruled on. The Court may not grant "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010).

Finally, the Court has no authority to grant the relief Petitioner seeks. He has been detained on criminal charges and is awaiting trial before another judge in this District. *See United States v. Hamilton*, No. 2:10-cv-20749-1, docket entry 64 (E.D. Mich. Jan. 5, 2012). "It would be inappropriate for this Court to issue any order which could affect or interfere with another judge's handling of a case on his or her docket." *Al-Ansi v. Obama*, 647 F. Supp.2d 1, 13 (D.D.C. 2009).

To conclude, the Court was not misled by a "palpable defect" when it summarily dismissed the habeas petition and ruled that Petitioner could raise his concerns in his criminal case. Local Rule 7.1(h)(3)(E.D. Mich. Mar. 1, 2010). Accordingly, the motion for reconsideration [dkt. #9] and the motion for judgment on the pleadings or a default

---

[1] Although Petitioner signed the certificates of service accompanying the motions, he did not sign the motions themselves.

judgment [dkt. #10] are **DENIED**.

s/John Corbett O'Meara  
United States District Judge

Date:  March 8, 2012

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 8, 2012, using the ECF system and/or ordinary mail.

s/William Barkholz  
Case Manager
